IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHERINE WOOD | * |
| PLAINTIFF | * |
| | *   CIVIL ACTION NO. _____ |
| VS. | * |
| | * |
| EQUIDATA, INC., TRANS UNION LLC, | * |
| AND EXPERIAN INFORMATION | *   COMPLAINT AND |
| SOLUTIONS, INC., | *   DEMAND FOR A JURY TRIAL |
| DEFENDANTS | * |

## COMPLAINT

Plaintiff, Katherine Wood, on her own behalf, complains as follows against defendants Equidata, Inc., Trans Union, LLC, and Experian Information Solutions, Inc:

1.

Plaintiff Katherine Wood ("plaintiff" or "Ms. Wood") resides in East Baton Rouge Parish, State of Louisiana, and is a consumer as defined by both the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(c), and the Fair Debt Collection Practices Act (FDCPA) in 15 U.S.C. § 1692a(3).

2.

Defendant, Equidata, Inc. (hereinafter referred to as "Equidata") is a foreign corporation conducting business in the state of Louisiana whose registered agent for service of process is Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129. Equidata, at all times relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt collector" as defined under the FDCPA. Equidata is also a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2.

3.

Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Trans Union is a foreign corporation authorized to do and doing business in the state of Louisiana, whose registered agent for service of process in Louisiana is The Prentice-Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129.

4.

Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Experian is a foreign corporation authorized to do and doing business in the state of Louisiana, whose registered agent for service of process in Louisiana is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808.

5.

Defendants Trans Union and Experian have each prepared and issued consumer credit reports concerning plaintiff. Plaintiff has notified defendants that she disputes the accuracy or completeness of the information contained in the report on plaintiff.

6.

Plaintiff applied for an apartment lease at Springbrook Apartments, located in Baton Rouge, Louisiana, in April 2006.

7.

Ms. Wood was approved for the lease but she chose not to sign a lease, but her co-applicant, Sarah Mason, ended up leasing the apartment by herself.

8.

In 2008, plaintiff noticed that her credit report had two accounts listed on it by defendant Equidata collecting for Cox Communication ("Cox").

9.

Ms. Wood had not had any accounts with Cox that had gone delinquent and so she began disputing this with defendants Trans Union and Experian pursuant to section 1681i(a) of the FCRA that these accounts were fraud accounts.

10.

For each of plaintiff's disputes, Trans Union and Experian each notified Equidata of plaintiff's disputes pursuant to section 1681i(a) of the FCRA.

11.

In response to plaintiff's disputes received from Trans Union and Experian, Equidata verified the reporting of these accounts wrongfully on several occasions to Equifax and Experian..

12.

During the time Ms. Wood was disputing these accounts with Trans Union and Experian, she was also disputing these accounts by telephone to Equidata, which was the first time she had any communication with Equidata regarding these accounts.

13.

Equidata did not provide Ms. Wood with a validation notice required by section 1692g(a) of the FDCPA within five days of her initial communication with it regarding these accounts.

14.

Plaintiff also went to Cox's office in Baton Rouge to find out information about these accounts but was told that Cox did not have any accounts in her name.

15.

Defendant Equidata told Ms. Wood that she needed to file an identity theft charge in order

to have these accounts removed from her credit report.

16.

Ms. Wood did not have enough information to determine that these were in fact identity theft accounts and explained this to Equidata. Equidata then informed her that if she did not file identity theft charges then she would be liable for this account.

17.

Ms. Wood was further told by defendant Equidata that although these accounts were from 2006 but they would be on her credit report for seven years from June 2007.

18.

Ms. Wood was further told by Equidata that the longer these accounts sit on her credit report, the more it would affect her credit score.

19.

Ms. Wood did receive documentation regarding these accounts from Equidata and questioned why it was being reported as two different accounts when it allegedly came from a single service provided by Cox and she was told it was because Cox separated the bill into three categories and the accounts Equidata was attempting to collect from her were for equipment and for services.

20.

Ms. Wood did dispute the fact these were listed as two separate accounts to defendants Trans Union and Experian and attached documentation she received from Equidata showing how they separated one account into two different accounts but both Trans Union and Experian still maintained two separate Equidata accounts on her credit reports.

## DEFENDANTS' PRACTICES

21.

Defendant Equidata violated numerous provisions of the FDCPA including but not limited to sections 1692e, 1692e(10), and 1692g.

22.

Defendant Equidata negligently and willfully failed to comply with the requirements of the FCRA in 15 U.S.C. § 1681s-2(b).

23.

Plaintiff has suffered actual damages and injury due to Equidata's violations, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, and emotional distress, for which she should be compensated in an amount to be proven at trial.

24.

As a result of defendant Equidata's failure to comply with the requirements of the FCRA, plaintiff has suffered actual damages, damage to her reputation and emotional distress for which she seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

25.

Defendants Trans Union and Experian negligently and willfully failed to comply with the requirements of FCRA, including but not limited to:

    a)    failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports concerning plaintiff, as required by 15 U.S.C. § 1681e(b); and

b)	failing to comply with the reinvestigations requirements in 15 U.S.C. § 1681i(a).

26.

As a result of defendants Trans Union's and Experian's failures to comply with the requirements of the FCRA plaintiff has suffered actual damages, damage to her reputation, and emotional distress, for which she seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

27.

Plaintiff requests her attorney fees pursuant to 15 U.S.C. § 1681n(a), § 1681o(a), and § 1692k.

28.

Plaintiff demands a jury trial on all claims.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1.	Actual damages from defendants Equidata, Inc., Trans Union, LLC, and Experian Information Solutions, Inc., in amounts to be determined by the jury;

2.	Punitive damages from defendants Equidata, Inc., Trans Union, LLC, and Experian Information Solutions, Inc. in amounts to be determined by the jury;

3.	Attorney fees; and

4.	Costs and expenses incurred in the action.

s/Garth J. Ridge<br>
**GARTH J. RIDGE**<br>
Attorney for Plaintiff<br>
Bar Roll Number:  20589<br>
251 Florida Street, Suite 301<br>
Baton Rouge, Louisiana 70801<br>
Telephone Number:  (225) 343-0700<br>
Facsimile Number: (225) 343-7700

E-mail: GarthRidge@aol.com